Submitted on record and briefs April 9, affirmed July 2, 1986

**CANN,**
*Petitioner below,*

**NORTMAN,**
*Petitioner,*

*v.*

**CITY OF PORTLAND,**
*Respondent.*

(LUBA 85-090; CA A39160)

720 P2d 1348

Roger Nelson and Nelson & Kelly, Portland, filed the brief for petitioner.

Kathryn Beaumont Imperati, Deputy City Attorney, Portland, filed the brief for respondent.

Before Warden, Presiding Judge, and Joseph, Chief Judge* and Young, Judge.

YOUNG, J.

* Joseph, C. J., *vice* Van Hoomissen, J.

## YOUNG, J.

Petitioner seeks review of a LUBA order which affirmed the Portland City Council's approval of a conditional use permit for a covered play shelter at a school in northwest Portland. Petitioner and others (petitioner) appealed to the city council from the city hearings officer's allowance of the permit application. The hearings officer had attached conditions to the permit which the school district, the applicant, did not appeal. The council nevertheless removed the conditions and granted the permit as originally requested. Petitioner asserts that the council was limited on appeal to reviewing the issues raised by his appeal and that it was therefore beyond the council's power to remove the conditions. We affirm.

ORS 227.180(1)(a) provides, as relevant:

> "A party aggrieved by the action of a hearings officer may appeal the action to the planning commission or council of the city, or both, however the council prescribes. *The appellate authority on its own motion may review the action.* The procedure for such an appeal or review shall be prescribed by the council * * *." (Emphasis supplied.)

Portland provides for a direct appeal from the hearings officer to the city council. On appeal the council may "affirm, reverse, or modify in whole or in part any decision of the Hearings Officer * * *." Portland City Code, § 33.114.070(d). The city code does not limit the council's consideration to those issues raised by the appealing party, nor does it prohibit council action which is less favorable to the appealing party than was the hearings officer's decision.

Petitioner argues, *inter alia*, that the procedure in this case is analogous to the judicial appellate process, in which a respondent may not obtain modification of a judgment unless he cross-appeals. *See* ORS 19.130(1); *Booras v. Uyeda,* 295 Or 181, 191 n 6, 666 P2d 791 (1983). We do not agree that the two are analogous. ORS 227.180 expressly authorizes the city council to review decisions of hearings officers on its own motion, whether or not a party appeals a decision to the council. It is clear, under the statute and the city code provisions, that the council could have eliminated the conditions on the permit, if it had initiated review of the hearings officer's decision *sua sponte*. It is equally apparent that the council did not lose its authority to review all aspects

of the hearings officer's decision because of the coincidence that petitioner appealed from that decision. Whether or not it would otherwise have exercised its authority, the council could and did act on its own motion to review the decision as a whole rather than to limit its review only to the matters petitioner raised.

Affirmed.